UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY MERRICK, an individual,

      Plaintiff,

v.                                    Case No. 8:06-cv-1591-T-24TGW

RADISSON HOTELS INTERNATIONAL,
INC., ET. AL.

      Defendants.
_____/

**O R D E R**

This cause comes before the Court on its own.  On August 28, 2006, Plaintiff filed this action asserting claims for unlawful discrimination based on her gender under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*("Title VII")(Count I), sexual harassment (Count II), intentional infliction of emotional distress (Count III), and negligent retention and/or negligent supervision (Count IV).  On September 26, 2006, Defendant Hassan Ziad ("Ziad"), appearing *pro se*, filed a document titled Response to Complaint (Doc. No. 6). On October 18, 2006, Defendants Radisson Hotels International, Inc. and Carlson Hotels Worldwide, Inc. filed a motion to dismiss all counts against them (Counts I, II and IV), or in the alternative, for summary judgment (Doc. No. 8).  On October 27, 2006, Defendant Ziad filed Defendant's, Hassan Ziad's, Motion to Dismiss For Failure to State a Cause of Action For Which Relief Can Be Granted (Doc. No. 11).  Immediately thereafter, Defendant Ziad filed a motion to amend his responsive pleading (Doc. No. 12) which this Court granted (Doc. No. 16). On December 4, 2006, Plaintiff filed an Amended Complaint in which she added Pallas, LLC. as

a Defendant.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course at any time before a responsive pleading is served. Defendants', Radisson Hotels International, Inc. and Carlson Hotels Worldwide, Inc., motion to dismiss is not a responsive pleading for the purposes of Federal Rule of Civil Procedure 15(a). See <u>Chilivis v. Securities & Exchange Comm'n</u>, 673 F.2d 1205, 1209 (11th Cir. 1982)("[n]either a motion to dismiss nor a motion for summary judgment constitutes responsive pleadings for purposes of the federal rules."). Although Defendant Ziad initially filed a response to the complaint, this Court subsequently permitted Defendant Ziad to amend his "answer" and file a motion to dismiss.

Upon consideration, it is **ORDERED AND ADJUDGED** that:

(1) The Court will accept for filing Plaintiff's Amended Complaint (Doc. No. 17);

(2) Defendants', Radisson Hotels International, Inc.'s, and Carlson Hotels Worldwide, Inc.'s, Motion to Dismiss For Failure to State a Cause of Action Upon Which Relief Can Be Granted Or, In The Alternative, For Summary Judgment Pursuant to Rule 56 (Doc. No. 8) is **DENIED AS MOOT**.

(3) Defendant's, Hassan Ziad's, Motion to Dismiss For Failure to State a Cause of Action For Which Relief Can Be Granted (Doc. No. 11) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of December, 2006.

Copies to:

Counsel of Record

SUSAN C. BUCKLEW
United States District Judge