UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY MERRICK, an individual,

Plaintiff,

v.                                                          Case No.: 8:06-cv-01591-T-24TGW

RADISSON HOTELS INTERNATIONAL,
INC., a Minnesota corporation,
CARLSON HOTELS WORLDWIDE, INC.,
a Minnesota corporation, PALLAS, LLC,
a Florida corporation and HASSAN ZAID,
individually,

Defendants.

_____/

**ORDER**

This cause comes before the Court on Defendants Radisson Hotels International, Inc. and Carlson Hotels Worldwide, Inc.'s (collectively "RHI") Motion to Dismiss Amended Complaint, or in the Alternative, for Summary Judgment pursuant to Rule 56 (Doc. 21), and Defendant Hassan Zaid's ("Zaid") Motion to Dismiss (Doc. 20.)  Plaintiff Wendy Merrick ("Merrick") opposes both of these motions (Docs. 30 and 27, respectively).

**I.     Background**

Merrick worked as a bartender at the Radisson Hotel and Conference Center in Pinellas County, Florida between October 2004 and October 2005.  (Pl.'s Am. Compl. ¶ 1; Doc. 27-2 ¶ 1.)  While Merrick was employed as a bartender, her immediate supervisor was Defendant Zaid.  (Doc. 27-2 ¶ 2.)  During this period of employment, Zaid subjected Merrick to "repeated and unwanted sexual advances."  (Id.)  These advances included requests for dates, sexual comments,

and frequent touching of her buttocks, hips, and breasts. (Id.) After repeated rejections, Zaid became verbally abusive with Merrick. (Id. at ¶ 4.) Following a verbal altercation between Merrick and Zaid, Merrick was informed by another supervisor, Azarte, that she should "have a glass of wine" with Zaid and attempt to work out the problem. (Id. at 7.) Following this meeting, Merrick received a phone call from Azarte telling her that she was fired. (Id. at 8.) On January 27, 2006, Merrick filed with the EEOC a charge of discrimination against Radisson, Carlson and Zaid in which she alleges the previous facts. (Doc. 27-3.)

Merrick filed a four-count complaint on August 28, 2006. On December 4, 2006 Plaintiff filed an amended complaint. In Count I of the Amended Complaint, Merrick alleges that RHI, and Pallas, LLC are liable as employers for sexual discrimination against Merrick in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. (Pl.'s Am. Compl. ¶ 39.) In Count II of the Amended Complaint, Merrick alleges that all defendants are liable for sexual assault and battery as a result of the unwanted touching and verbal harassment Merrick received from Zaid. (Pl.'s Am. Compl. ¶ 43.) In Count III of the Amended Complaint, Merrick alleges that all defendants are liable for intentional and/or negligent infliction of emotional distress stemming from Zaid's conduct and Merrick's subsequent dismissal. (Pl.'s Am. Compl. ¶ 46-47.) Finally, in Count IV of the Amended Complaint, Merrick alleges that RHI and Pallas are liable for negligent hiring and retention and/or negligent supervision for employing Zaid or at the very least, for failing to control Zaid's behavior. (Pl.'s Am. Compl. ¶ 52-54.)

**II.     Standard of Review**

Zaid now moves the Court to dismiss Merrick's Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. RHI also moves the Court to dismiss Merrick's

Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and for failing to meet pre-suit administrative requirements, or alternatively to grant summary judgment in its favor pursuant to Rule 56 on the ground that RHI was not and never has been an employer of either Merrick or Zaid.

When ruling on a motion to dismiss for failure to state a claim, the district court "must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. All that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff may ultimately prevail on its theory, "but whether the allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt to prove [its] allegations." *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

RHI alternatively argues that the Court should consider its motion as a motion for summary judgment pursuant to Rule 56. *See Assoc. Mech. Contractors, Inc. v. Martin K. Eby Constr. Co., Inc.*, 271 F.3d 1309, 1317 (11th Cir. 2001). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and citations omitted). "All reasonable doubts about the facts should be resolved in

favor of the non-movant." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1187 (11th Cir. 1999).

**III.    Discussion**

Because there are multiple counts and multiple parties and some counts and causes of action overlap, the Court will address the parties' arguments count by count.

**Count I**

RHI initially argues that Count I of Merrick's Amended Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because RHI never employed either Zaid or Merrick, or in the alternative, summary judgment in favor of the Defendants should be granted for the same reason. (Doc. 21 at 4-5.) RHI argues that Merrick's Amended Complaint fails to present sufficient allegations that it, as a franchisor, had sufficient control over the franchisee, Pallas, to constitute employer status under Title VII.

Merrick's allegations in the Amended Complaint are enough on their face to survive a Rule 12(b)(6) motion to dismiss. In the alternative, however, RHI argues that it is entitled to summary judgment based upon Robert Moerke's affidavit as Plaintiff was not employed by either of the named corporate defendants.(Doc. 21-2).  In response, Merrick requests that the Court deny the motion so that Merrick can conduct discovery to determine the true relationship between RHI and Pallas, LLC.  The Court denies the motion for summary judgment without prejudice so that Plaintiff might conduct discovery.

RHI also argues that even if they are employers under Title VII, Merrick failed to exhaust administrative remedies because she used the trade name "Radisson" in her EEOC complaint and not either Radisson Hotels International, Inc. or Carlson Hotels Worldwide, Inc.  (Doc. 21 at 5-7.)  Merrick counters that the business entities responsible for licensing, management, and

operation of the hotel were placed on notice by the EEOC complaint and that her claim should not be dismissed just because she named the business operating name. (Doc. 30 ¶ 20.)

In *Romero v. Union Pacific R.R.*, 615 F.2d 1303, 1311 (10th Cir.1980), the Tenth Circuit "reasoned that because EEOC complaints are generally written by lay persons unfamiliar with Title VII's technical requirements, such complaints 'must be liberally construed in order to accomplish the purposes of the Act.'" *Hammer v. Hillsborough Co. Through Bd. of Co. Commr.*, 927 F. Supp. 1540, 1543 (M.D. Fla. 1996)(quoting *Romero*, 615 F.2d at 1311). The *Romero* court recognized two exceptions to the naming requirement of an EEOC charge: "(1) where the body of the charge contains an informal reference to the defendant, or (2) where 'sufficient identity of interest' between the named respondent and the unnamed defendant exists, such that Title VII's intent to provide the defendant with notice and the EEOC an opportunity to attempt conciliation is satisfied." *Id.* at 1544. The Middle District of Florida, in *Wright v. Manatee County*, 717 F. Supp. 1493 (M.D. Fla.1989), adopted the two exceptions as stated in *Romero*. Using the name Radisson in the EEOC complaint was sufficient to put the Defendants RHI on notice. Therefore Count I should not be dismissed for failure to exhaust administrative remedies.

**Count II**

Both Zaid and RHI argue that Merrick's claim for sexual assault and battery is merely a thinly disguised sexual harassment claim. (Doc. 20 at 1-2; Doc. 21 at 7.) Both parties further argue that Count II should be dismissed because Florida does not recognize a common law tort for sexual harassment. (Id.)

This Court agrees that if Merrick is attempting to allege a common law tort for sexual harassment then the claim must be dismissed for failure to state a claim. However, it is not clear

5

to the Court what Merrick is alleging in Count II. From Merrick's response to Zaid's Motion to Dismiss, it appears that she is alleging sexual battery because she states "[p]laintiff could file a second amended complaint and remove the words 'assault and . . .' [.]" (Doc. 27 ¶ 12.) If Merrick is indeed alleging a sexual battery claim, the actions of Zaid as alleged in Merrick's Amended Complaint do not support a claim for sexual battery.

Sexual battery in Florida requires penetration or union of sexual organs. Fla. Stat. § 794.011(h) (2006). Nothing in Merrick's complaint alleges anything of that sort, therefore, if plaintiff is alleging sexual battery that claim is dismissed with regard to all defendants.[1]

**Count III**

RHI argues that a claim for intentional and/or negligent infliction of emotional distress must flow from an injury caused by a physical impact. (Doc. 21 at 7.) RHI further argues that because Merrick's injury does not satisfy this impact rule, the cause of action must fail (Id.) Merrick counters without citing to any authority that depression is a real injury, but does not address the impact rule. (Doc. 30 ¶ 21.)

"Under Florida's impact rule, in order to recover damages for emotional distress caused by the negligence of another, the plaintiff must show that the emotional distress flowed from a physical injury sustained in a physical impact." *Goldstein v. Gunter Motor Co.*, 1996 WL 903950 at *14 (S.D. Fla. 1996). In *Goldstein*, the only physical impact the plaintiff alleged was the rubbing of her shoulders and the touching of her breasts by a salesman for Gunter Motor. *Id*. The court in that case held that the plaintiff could not allege a physical injury from that

---

[1] If, however, Plaintiff is alleging simple battery, then she will need to request leave to amend her complaint.

touching. *Id*. Likewise, in the case at hand, Merrick does not allege that any physical injury flowed from the touching by Zaid. Therefore, Count III, negligent infliction of emotional distress, is dismissed with respect to RHI.

Zaid argues that Count III should be dismissed against him because his behavior does reach the level of outrageousness required by law. (Doc. 20 at 2-3.) Merrick counters that Zaid's behavior indeed reaches the level of outrageousness to support a claim for intentional and/or negligent infliction of emotional distress. (Doc. 27 at 3-4.)

Under applicable Florida law, in order to state a cause of action for intentional infliction of emotional distress, the Plaintiff must show: (1) deliberate or reckless infliction of mental suffering by defendant; (2) by outrageous conduct; (3) which conduct of the defendant must have caused the suffering; and (4) the suffering must have been severe. *Ball v. Heilig-Meyers Furniture Co.*, 35 F. Supp. 2d 1371, 1376 (M.D. Fla. 1999) (citing *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985)). While there is no exhaustive or concrete list of what constitutes "outrageous conduct," Florida common law has evolved an extremely high standard. *Golden v. Complete Holdings, Inc.*, 818 F. Supp. 1495, 1499 (M.D. Fla. 1993).

The Court acknowledges that courts in Florida and the Eleventh Circuit have been extremely reticent to find sexually harassing conduct to be sufficiently outrageous to support a claim for intentional infliction of emotional distress. *See Blount v. Sterling Healthcare Group*, 934 F. Supp. 1365, 1370-71 (S.D. Fla. 1996) (granting a motion to dismiss despite the plaintiff's allegations that the company president repeatedly rubbed her breasts, made sexually explicit comments to her, and hugged her repeatedly); *Ball v. Heilig-Meyers Furniture Co.*, 35 F. Supp. 2d at 1376 (M.D. Fla. 1999) (granting a motion to dismiss despite the plaintiff's allegations that

7

her manager rubbed his penis across her buttocks, squeezed her buttocks, made suggestive comments to her while she was breast feeding, and tried to touch or rub her breasts); *Howry v. Nisus, Inc.*, 910 F. Supp. 576, 580 (M.D. Fla. 1995) (granting a motion to dismiss despite the plaintiff's allegations that her manager touched himself and employees in a suggestive manner, used obscene language in the office, contacted employees to comment on the size of his penis, required employees to view a suggestive doll, and used a bull whip in the office).

In the instant case, Merrick alleges that Zaid frequently touched her buttocks, hips, and breasts, and that Zaid would comment to her about the size of his penis, how he wanted to show it to her, and that his penis could satisfy her. (Doc. 27-2 ¶ 2-3.) Zaid's actions are clearly unacceptable and offensive behavior in an employment environment. However, when viewed against existing Florida case law, his actions do not rise to the level of outrageousness required to survive a motion to dismiss. Therefore, Count III is dismissed as to Defendant Zaid.

**Count IV**

RHI argues that Count IV of Merrick's amended complaint should be dismissed because under Florida law a claim of negligent retention/supervision requires an underlying tort that is recognized by Florida common law. (Doc. 21 at 8.) RHI further argues that because sexual harassment is not recognized as a tort under Florida common law and because Merrick based her negligent retention and/or supervision claim upon sexual harassment, the claim should be dismissed. (Id.) Merrick provides no argument in response, and it is not clear what underlying tort Merrick is alleging in the complaint. Merrick alleges that Zaid "was engaging in and showed a propensity to engage in conduct that is in its nature dangerous.".

"Under Florida law, the underlying wrong allegedly committed by an employee in a

8

negligent supervision or negligent retention claim must be based on an injury resulting from a tort which is recognized under common law." *Scelta v. Delicatessen Support Servs.*, 57 F. Supp. 2d 1327, 1348 (M.D. Fla.1999) (citations omitted).  However, "Florida law does not recognize a common law cause of action for sexual harassment." *Id.* "As a result, Florida law does not recognize a common law cause of action based on the negligent failure to maintain a workplace that is free of sexual harassment." *Id.* Therefore, because Merrick based her negligent retention and/or supervision claim upon sexual harassment, Count IV of the Amended Complaint is dismissed with regards to RHI.

**IV.     Conclusion**

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that:

(1) Defendants Radisson Hotels International, Inc. and Carlson Hotels Worldwide, Inc.'s Motion to Dismiss Count I, or in the Alternative, for Summary Judgment on Count I pursuant to Rule 56 (Doc. 21) is **DENIED.**

(2) To the extent Plaintiff claims sexual harassment or sexual battery in Count II, Defendants RHI's motion to dismiss Count II is **GRANTED**.

(3) Defendants RHI's motion to dismiss Counts III and IV is **GRANTED**.

(4) Defendant Zaid's Motion to Dismiss (Doc. No. 20) Counts II and III is **GRANTED**.

(5) Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. No. 40) is **DENIED** for failure to comply with Local Rules 3.01(a) & (g) with leave to re-file.

(6) Defendants Radisson Hotels International, Inc. and Carlson Hotels Worldwide, Inc.'s Motion to Strike Plaintiff's "Response" and Motion for Leave to File a Second Amended Complaint (Doc. No. 42) is **DENIED** as moot.

**DONE AND ORDERED** at Tampa, Florida, this 30th day of May, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record